UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 21 2012
Clerk U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Randall Casseday, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-2272 (UNA) |
| ) | |
| United States of America et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

On January 30, 2012, the Court dismissed this action without prejudice because plaintiff had not complied with the filing fee requirements of the Prison Litigation Reform Act, 28 U.S.C. § 1915, by submitting by January 22, 2012, a certified copy of his prison trust fund account statement. *See* Order (Dec. 21, 2011) (directing submission of the statement within 30 days); Order (Jan. 30, 2012) (denying application to proceed in forma pauperis and dismissing the case). However, the Court's mail room received the requested statement on January 17, 2012, thereby constituting a timely filing of the statement. Hence, the Court will vacate the dismissal order because it was based on a mistaken premise. Having reviewed the complaint, the Court nevertheless will grant plaintiff's motion to proceed *in forma pauperis* and dismiss the complaint for want of jurisdiction.

Plaintiff is a District of Columbia prisoner at the Federal Correctional Center in Petersburg, Virginia. He challenges the constitutionality of the statute under which he was convicted, D.C. Code § 22-3010(b), in the Superior Court of the District of Columbia. Such a challenge must be pursued in the Superior Court under D.C. Code § 23-110, *see Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C.

Cir. 1997), and absent a showing of an inadequate or ineffective local remedy, "a District of Columbia prisoner has no recourse to a federal judicial forum." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 993 (1986) (internal footnote omitted). *Cf. with Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating as to federal convictions that a motion under 28 U.S.C. § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted). Under District of Columbia law,

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code §23-110(g). The petitioner has not shown that his local remedy is inadequate to address his claim. Therefore, this Court will dismiss this action for lack of jurisdiction. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

Date: February 16, 2012

2